# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 2,<br><br>        Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, *et al.*,<br><br>        Defendants. | Case No. 2:16-cv-01226-JCM-GWF<br><br>**ORDER** |

This matter is before the Court on Defendant SFR Investments Pool 1, LLC's ("SFR") Emergency Motion to Stay Briefing and/or Litigation (ECF No. 33), filed on September 2, 2016.

Defendant SFR requests that the Court impose a stay on the parties' dispositive motion briefing and/or the entire litigation pending issuance of the Ninth Circuit's mandate in *Bourne Valley Court Trust v. Wells Fargo Bank*, 2016 WL 4254983 (9th Cir. Aug. 12, 2016). Defendant SFR filed its Motion to Dismiss (ECF No. 22) and its Motion for Summary Judgment (ECF No. 23) on August 8, 2016. Plaintiff filed its Response (ECF No. 29) on August 24, 2016. Defendant SFR's Reply was set to be due on September 3, 2016.

A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). When determining whether a stay is appropriate pending the resolution of another case, the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1120 (9th Cir. 2005).

The undersigned has been informed that Judge Mahan will not issue a general order staying proceedings pending issuance of the Ninth Circuit's mandate in *Bourne Valley* and that cases should proceed unless the dispositive issue depends on the Ninth Circuit's mandate in *Bourne Valley*. Here, SFR has not shown that its motion is dependent on the Ninth Circuit's mandate in *Bourne Valley*. Accordingly,

**IT IS HEREBY ORDERED** that Defendant SFR's Emergency Motion to Stay Briefing and/or Litigation (ECF No. 33) is **denied** without prejudice. However, the Court grants an fourteen (14) day extension of time for Defendant SFR to file its Reply in support of its Motion to Dismiss. Defendant SFR shall file its Reply by **September 17, 2016.**

DATED this 6th day of September, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge