1

2

3

4                          UNITED STATES DISTRICT COURT

5                                DISTRICT OF NEVADA

6                                       * * *

7    CHRISTIANA TRUST, et al.,                    Case No. 2:16-CV-1226 JCM (GWF)

8                            Plaintiff(s),                      ORDER

9         v.

10   SFR INVESTMENTS POOL 1, LLC, et al.,

11                          Defendant(s).

12

13         Presently before the court is defendant Mandolin Homeowners Association's (the "HOA")

14   motion to dismiss.  (ECF No. 7).  Plaintiff Christiana Trust, a division of Wilmington Savings

15   Fund Society, FSB, not in its individual capacity but as trustee of ARLP Trust 2 ("Christiana

16   Trust") filed a response (ECF No. 18), to which the HOA replied (ECF No. 20).[1]

17         Also before the court is defendant SFR Investments Pool 1, LLC's ("SFR") motion to

18   dismiss.  (ECF No. 22).  Christiana Trust (ECF No. 29) and the HOA (ECF No. 30) filed responses,

19   to which SFR replied (ECF No. 35).

20         Also before the court is SFR's motion for summary judgment.  (ECF No. 23).[2]

21

22

23         [1]  Defendant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 24), to
24   which the HOA replied (ECF No. 27).  "[T]he deadline to file and serve any points and authorities
     in response to the motion is 14 days after service of the motion."  LR 7-2(b).  The HOA's motion
25   was filed on June 24, 2016, rendering responses due by July 11, 2016.  SFR filed its untimely
     response on August 8, 2016, without leave and without seeking an extension.  Accordingly, SFR's
26   response (ECF No. 24) and the HOA's respective reply (ECF No. 27) will be stricken.  *See, e.g.,*
     *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district
27   courts have inherent power to control their own dockets); LR IC 7-1 ("The court may strike
     documents that do not comply with these rules.").
28
           [2]  As a preliminary note, SFR's motion for summary judgment (ECF No. 23) is the same
     as its motion to dismiss (ECF No. 22).

**James C. Mahan**
**U.S. District Judge**

1    Also before the court is SFR's motion to certify a question of law to the Nevada Supreme

2    Court (ECF No. 36), in which the HOA joined (ECF No. 37).  Christiana Trust filed a response

3    (ECF No. 38), to which SFR replied (ECF No. 40).

4    **I.    Facts**

5    This case involves a dispute over real property located at 7604 Brisa Del Mar Avenue, Las

6    Vegas, Nevada 89179 (the "property").

7    On April 11, 2007, the Flaherty Trust obtained a loan from Bank of America, N.A.

8    ("BANA") in the amount of $219,173.00 to purchase the property, which was secured by a deed

9    of trust recorded on April 12, 2007.  (ECF No. 1 at 4–5).

10    On February 18, 2011, defendant Nevada Association Services, Inc. ("NAS"), acting on

11    behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of

12    $1,036.00.  (ECF No. 1 at 5).  On April 11, 2011, NAS recorded a notice of default and election

13    to sell to satisfy the delinquent assessment lien, stating an amount due of $2,088.90.  (ECF No. 1

14    at 6).  On December 17, 2012, NAS recorded a notice of trustee's sale, stating an amount due of

15    $6,389.57.  (ECF No. 1 at 6–7).

16    On January 11, 2013, SFR purchased the property at the foreclosure sale for $9,000.00.

17    (ECF No. 1 at 7).  A trustee's deed upon sale in favor of SFR was recorded on September 9, 2013.

18    (ECF No. 1 at 6).

19    The deed of trust was assigned to Christiana Trust via an assignment of deed of trust

20    recorded May 23, 2014.  (ECF No. 1 at 5).

21    On June 2, 2016, Christiana Trust filed the underlying complaint against SFR, the HOA,

22    NAS, and Michael Flaherty as trustee of the Andrew M. Flaherty Living Trust dated August 12,

23    1994, alleging four causes of action: (1) quiet title/declaratory judgment against all defendants; (2)

24    breach of NRS 116.1113 against NAS and the HOA; (3) wrongful foreclosure against NAS and

25    the HOA; and (4) unjust enrichment against SFR, the HOA, and NAS.  (ECF No. 1).

26    In the instant motions, the HOA and SFR move to dismiss pursuant to Federal Rule of Civil

27    Procedure 12(b)(6) (ECF Nos. 7, 22), and SFR also moves for summary judgment (ECF No. 23),

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

as well as to certify a question of law to the Nevada Supreme Court (ECF No. 36).  The court will address each in turn.

## II.    Legal Standards

### A.  Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

James C. Mahan
U.S. District Judge

- 3 -

1    The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

2    1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or
> counterclaim may not simply recite the elements of a cause of action, but must
> contain sufficient allegations of underlying facts to give fair notice and to enable
> the opposing party to defend itself effectively.  Second, the factual allegations that
> are taken as true must plausibly suggest an entitlement to relief, such that it is not
> unfair to require the opposing party to be subjected to the expense of discovery and
> continued litigation.

7    *Id.*

8        **B.  Summary Judgment**

9        The Federal Rules of Civil Procedure allow summary judgment when the pleadings,

10   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

11   show that "there is no genuine dispute as to any material fact and the movant is entitled to a

12   judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is

13   "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317,

14   323–24 (1986).

15       For purposes of summary judgment, disputed factual issues should be construed in favor

16   of the non-moving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to be

17   entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts

18   showing that there is a genuine issue for trial."  *Id.*

19       In determining summary judgment, a court applies a burden-shifting analysis.  The moving

20   party must first satisfy its initial burden.  "When the party moving for summary judgment would

21   bear the burden of proof at trial, it must come forward with evidence which would entitle it to a

22   directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has

23   the initial burden of establishing the absence of a genuine issue of fact on each issue material to

24   its case."  *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)

25   (citations omitted).

26       By contrast, when the nonmoving party bears the burden of proving the claim or defense,

27   the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential

28   element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed

**James C. Mahan**
**U.S. District Judge**

- 4 -

to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### C.  Certify Question of Law to the Nevada Supreme Court

The Nevada Rules of Appellate Procedure provide that the Supreme Court of Nevada has the power to answer "questions of [state] law . . . which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of [Nevada]." Nev. R. App. P. 5(a).

The Nevada Supreme Court "may answer questions of law certified [] by a federal court when (1) [the] answers to the certified questions may be determinative of part of the federal case, (2) there is no clearly controlling Nevada precedent, and (3) the answers to the certified questions will help settle important questions of law. *See, e.g.*, *Hartford Fire Ins. Co. v. Tr. of Const. Indus.*, 208 P.3d 884, 888 (Nev. 2009).

Where the question does not impact the merits of a claim pending before the certifying court, the question should not be certified to the Supreme Court.  *See* Nev. R. App. P. 5(a) (requiring that certified question be "determinative"); *see also Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.2d 1161, 1164 (Nev. 2006) (declining to answer certified questions where "answers to the questions posed [] would not 'be determinative' of any part of the case").  "The certification procedure is reserved for state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003).

Federal courts have discretion to certify questions of state law.  *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).  "Resort to certification is not mandatory where state law is unclear on a particular issue." *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1225 (D. Nev. 2008) (citing *Lehman Bros.*, 416 U.S. at 390–91).  Generally, "[w]hen a decision turns on applicable state law and the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were deciding the case." *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993).

Further, a federal court may decline to certify a question where controlling precedent is available for guidance.  *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1041 (9th Cir. 2014); *see also Kehoe v. Aurora Loan Servs., LLC*, No. 3:10-cv-256-RCJ-RAM; 2010 WL 4286331, at *11 (D. Nev. Oct. 20, 2010) (declining to certify question to Nevada Supreme Court where statutory language was sufficiently clear for the court to apply).

Finally, a party must show "particularly compelling reasons" for certification when that party first requests it after losing on an issue. *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir.

1    1984) ("Ordinarily such a movant should not be allowed a second chance at victory when, as here,

2    the district court employed a reasonable interpretation of state law.").

3    **III.    Discussion**

4        **A.  The HOA's Motion to Dismiss** (ECF No. 7)

5        In its motion, the HOA argues that dismissal of Christiana Trust's claims is proper because

6    they were untimely filed, the complaint fails to allege compliance with the mediation requirements

7    of NRS 38.310, and HOA claims no interest in the property.  (ECF No. 7).

8                    *1.  Quiet Title/Declaratory Relief (claim 1)*

9                        a.   Statute of Limitations

10        Count one of Christiana Trust's complaint alleges a claim to quiet title/for declaratory relief

11    against all defendants.  (ECF No. 1 at 7–15).  In the instant motion, the HOA argues that Christiana

12    Trust's quiet title claim should be dismissed because it is time-barred by the statute of limitations.

13    (ECF No. 19).  The court disagrees.

14        Under Nevada law, "[a]n action may be brought by any person against another who claims

15    an estate or interest in real property, adverse to the person bringing the action for the purpose of

16    determining such adverse claim." Nev. Rev. Stat. § 40.010.  "A plea to quiet title does not require

17    any particular elements, but each party must plead and prove his or her own claim to the property

18    in question and a plaintiff's right to relief therefore depends on superiority of title."  *Chapman v.*

19    *Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and

20    citations omitted).  Therefore, for plaintiff to succeed on its quiet title action, it needs to show that

21    its claim to the property is superior to all others.  *See also Breliant v. Preferred Equities Corp.*,

22    918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff

23    to prove good title in himself.").

24        Under NRS 40.010, an "action may be brought by any person against another who claims

25    an estate or interest in real property, adverse to the person bringing the action, for the purpose of

26    determining such adverse claim." Nev. Rev. Stat. § 40.010.  Further, NRS 11.070 sets forth a five-

27    years limitations period for quiet title claims.  Nev. Rev. Stat. § 11.070.

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

The foreclosure sale took place on January 11, 2013.  BANA filed the underlying complaint on June 2, 2016.  (ECF No. 1).  Thus, Christiana Trust's quiet title claim was timely filed within the five-year limitations period set forth in NRS 11.070, and the HOA's motion to dismiss on this basis will be denied.

### b.  Mediation

Next, the HOA argues that Christiana Trust's quiet title claim should be dismissed for Christiana Trust's failure to mediate pursuant to NRS 38.310(2).  (ECF No. 7).  Again, the court disagrees.

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel."  *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013).  In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit.  *Id*. at 557.  The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310.  *Id.* at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association.  *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Here, Christiana Trust seeks to quiet title regarding its rights to the property.  (ECF No. 1).  Accordingly, Christiana Trust's quiet title claim is exempt from the mediation requirement of NRS 38.310, and the HOA's motion to dismiss on this basis will be denied.

### c.  Necessary Party

The HOA argues that Christiana Trust cannot maintain a quiet title claim against it because the HOA claims no interest in the property.  (ECF No. 7 at 6).  The court disagrees.

James C. Mahan
U.S. District Judge

- 8 -

1       Under Federal Rule of Civil Procedure 19(a), a party must be joined as a "required" party

2  in two circumstances: (1) when "the court cannot accord complete relief among existing parties"

3  in that party's absence, or (2) when the absent party "claims an interest relating to the subject of

4  the action" and resolving the action in the person's absence may, as a practical matter, "impair or

5  impede the person's ability to protect the interest," or may "leave an existing party subject to a

6  substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the

7  interest." Fed. R. Civ. P. 19(a)(1).

8       Here, the HOA is a necessary party to this action based on the current allegations and relief

9  sought. The HOA has a present interest in the property because Christiana Trust challenges the

10  validity of the foreclosure sale. *See, e.g.*, *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-

11  cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). If the foreclosure sale is

12  invalidated, the HOA's superpriority lien might be reinstated as an encumbrance against the

13  property.

14       Further, if Christiana Trust "succeeds in invalidating the sale without the HOA being a

15  party to this suit, separate litigation to further settle the priority of the parties' respective liens and

16  rights may be necessary." *U.S. Bank, N.A.*, 2015 WL 8780157, at *2. Thus, if the HOA is

17  dismissed as a party, Christiana Trust would not be able to secure the complete relief it seeks. *See

18  id.*; Fed. R. Civ. P. 19(a).

19       Accordingly, the HOA is a proper party to Christiana Trust's quiet title claim, and its

20  motion to dismiss on this basis will be denied.

21              ***2. Breach of NRS 116.1113 (claim 2)***

22       Claim two of Christiana Trust's complaint alleges that NAS and the HOA violated NRS

23  116.1113, which imposes an obligation of good faith in every contract or duty governed by Chapter

24  116. (ECF No. 1 at 16–17). For relief, Christiana Trust seeks damages in the amount of either the

25  property's fair market value or the unpaid principal on the loan as of the date of the HOA sale.

26  (ECF No. 1 at 17).

27       Because claim two is a claim for damages based on the alleged breach of a statutory duty,

28  it must be brought within three years. *See* Nev. Rev. Stat. § 11.190(3)(a). The foreclosure sale

**James C. Mahan**
**U.S. District Judge**

1    took place on January 11, 2013.  Christiana Trust brought this lawsuit more than three years later,

2    on June 2, 2016.  Therefore, claim two is time-barred.

3              Accordingly, the court will grant the HOA's motion to dismiss as to this claim with

4    prejudice as the defect cannot be cured.

5                        *3.   Wrongful Foreclosure (claim 3)*

6              Claim three of Christiana Trust's complaint alleges that the foreclosure sale was wrongful

7    because the HOA and NAS failed to give proper notice and an opportunity to cure the deficiency,

8    and the HOA sold the property for a grossly inadequate amount.  (ECF No. 1 at 17–18).  Christiana

9    Trust seeks damages in the amount of the property's fair market value or the unpaid principal loan

10   balance as of the time of the foreclosure sale.  (ECF No. 1 at 18).

11             A tortious wrongful foreclosure claim "challenges the authority behind the foreclosure, not

12   the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559.  NAS's authority to foreclose

13   on the HOA lien on behalf of the HOA arose from Chapter 116, essentially rendering count three

14   a claim for damages based on liability created by a statute.  Therefore, claim three is likewise time-

15   barred under NRS 11.190(3)(a) because it was not brought within three years.

16             Accordingly, the court will grant the HOA's motion to dismiss as to this claim with

17   prejudice as the defect cannot be cured.

18                        *4.   Unjust Enrichment (claim 4)*

19             The HOA contends dismissal of the unjust enrichment claim is appropriate because

20   Christiana Trust fails to allege it conferred any benefits on the HOA.  (ECF No. 7 at 13–14).

21             In its response, Christiana Trust withdrew its claim for unjust enrichment.  (ECF No. 18 at

22   22).

23             Accordingly, Christiana Trust's unjust enrichment claim will be dismissed without

24   prejudice.

25       **B.  SFR's Motion to Dismiss** (ECF No. 22) **& Motion for Summary Judgment** (ECF
           No. 23)

26
           Christiana Trust argues that SFR's motion to dismiss (ECF No. 22) should be denied as
27
     untimely filed.  (ECF No. 29).  The court will deny SFR's motion to dismiss.
28

**James C. Mahan**
**U.S. District Judge**                                    - 10 -

1    SFR's motion for summary judgment (ECF No. 23), however, is timely as the deadline for

2    dispositive motions is March 8, 2017.  (*See* ECF No. 25).

3          As claims (2) through (4) will be dismissed, only Christiana Trust's quiet title/declaratory

4    relief claim remains.  The complaint asserts that the foreclosure sale did not extinguish Christiana

5    Trust's deed of trust, or, in the alternative, the foreclosure sale is void, because the notices failed

6    to specify the superpriority portion of the lien amount claimed so as to violate Christiana Trust's

7    due process rights, NRS Chapter 116 violates Christiana Trust's due process rights, and *SFR*

8    *Investments* should not be applied retroactively.  (ECF No. 1).

9          In its motion, SFR contends that summary judgment in its favor is proper because the

10   notices complied with the statute, it is undisputed that BANA did not tender, Christiana Trust lacks

11   standing to assert a facial challenge, the statute did not violate due process, the sale was

12   commercially reasonable, and it is a bona fide purchaser.  (ECF No. 23).

13         In response, Christiana Trust does not dispute that no tender was made.  (ECF No. 29).

14   Rather, Christiana Trust argues, *inter alia*, that it has standing, the statute is unconstitutional, and

15   SFR is not a bona fide purchaser as it purchased with notice of a superior claim.

16                    *1.   Notice Defects*

17         SFR asserts that the foreclosure sale and the underlying notices were executed in

18   accordance with the statute.  (ECF No. 23).

19         In response, Christiana Trust argues that the notices of lien and default failed to specify the

20   portion of the lien, if any, that the HOA claimed constituted the superpriority lien.  (ECF No. 29).

21   The court disagrees.

22         Christiana Trust's argument fails because the version of NRS 116.31162 in effect at the

23   times relevant to these notices does not require the notices to specify the superpriority portion of

24   the lien.  More specifically, it merely required a notice of default to "[d]escribe the deficiency in

25   payment." Nev. Rev. Stat. § 116.31162(1)(b)(1) (eff. to Sept. 30, 2013).  A subsequent amendment

26   added additional language requiring the notice of default to include a separate statement of the

27   amount of a HOA's superpriority lien.  *See* Nev. Rev. Stat. § 116.31162(1)(b)(1)–(2) (eff. Oct. 1,

28   2015).

James C. Mahan
U.S. District Judge

Next, Christiana Trust contends that the notice of sale failed to adequately notice the consequences of failing to pay the deficiency amount and that it failed to describe the deficiency in payment as required by NRS 116.311635(3)(a).  (ECF No. 1 at 7).  Again, the court disagrees.

The version of the statute in effect on the date of the foreclosure sale (January 11, 2013) provides as follows:

> 3. Any copy of the notice of sale required to be served pursuant to this section must include:
>
> > (a) The amount necessary to satisfy the lien as of the date of the proposed sale; and
>
> > (b) The following warning in 14-point bold type:
>
> **WARNING! A SALE OF YOUR PROPERTY IS IMMINENT! UNLESS YOU PAY THE AMOUNT SPECIFIED IN THIS NOTICE BEFORE THE SALE DATE, YOU COULD LOSE YOUR HOME, EVEN IF THE AMOUNT IS IN DISPUTE. YOU MUST ACT BEFORE THE SALE DATE. IF YOU HAVE ANY QUESTIONS, PLEASE CALL (name and telephone number of the contact person for the association). IF YOU NEED ASSISTANCE, PLEASE CALL THE FORECLOSURE SECTION OF THE OMBUDSMAN'S OFFICE, NEVADA REAL ESTATE DIVISION, AT (toll-free telephone number designated by the Division) IMMEDIATELY.**

Nev. Rev. Stat. § 116.311635(3) (eff. to Sept. 30, 2013).

The notice of sale recorded by NAS includes these requirements.  (*See* ECF No. 22-9 at 3).  Thus, Christiana Trust has failed to raise a genuine issue as to this issue.

### *2. Due Process*

SFR argues that Christiana Trust failed to allege that neither it nor its predecessor-in-interest (BANA) received the notice of sale.  (ECF No. 22 at 7–8).  SFR further contends that the predecessors-in-interest received the notices of default and sale and chose to allow the foreclosure sale to proceed.  (ECF No. 22 at 8).  SFR thus maintains that Christiana Trust lacks standing to assert a facial challenge to NRS 116.  (ECF No. 22 at 7).

In response, Christiana Trust contends that paragraphs 32 and 39 of the complaint clearly alleges that neither the HOA nor NAS provided a copy of the notice of default to the beneficiary of the deed of trust, which at that time was BANA.  (ECF No. 29 at 8).

James C. Mahan
U.S. District Judge

- 12 -

1    While SFR claims that the predecessors-in-interest received the notices of default and sale,

2    it fails to provide any evidence in support.  Thus, SFR has not satisfied its burden to be entitled to

3    summary judgment.  *See Adickes*, 398 U.S. at 159–60.

4    Further, the Ninth Circuit has rejected SFR's remaining due process arguments in *Bourne*

5    *Valley Court Trust v. Wells Fargo Bank, N.A.*, wherein it held that there was state action and NRS

6    116.3116's "opt-in" notice scheme, which required an HOA to alert a mortgage lender that it

7    intended to foreclose only if the lender had affirmatively requested notice, facially violated

8    mortgage lenders' constitutional due process rights.  832 F.3d 1154 (9th Cir. 2016).

9    ### 3.  Bona Fide Purchaser

10    SFR argues that it is a bona fide purchaser because it paid value for the property and it

11    lacked notice of a competing or superior interest in the property.  (ECF No. 23).

12    In response, Christiana Trust disputes SFR's status as a bona fide purchaser.  (ECF No.

13    29).  In particular, Christiana Trust contends that SFR had notice of a superior claim at the time of

14    the foreclosure sale.  (ECF No. 29 at 18–20).  Christiana Trust further argues that SFR is charged

15    with notice of the deed of trust and bidders are on inquiry notice about the possibility of partial

16    satisfaction of the lien.  (ECF No. 29 at 20).

17    The issue of bona fide purchaser ("BFP") status is distinct from that of the conclusiveness

18    of deed recitals.  Specifically, the issue of BFP status concerns a buyer's knowledge of competing

19    interests, whereas the other concerns a statutory presumption that can be equitably overcome under

20    *Shadow Wood Homeowners Assoc., Inc.  See, e.g.*, *Nationstar Mortg., LLC v. SFR Invs. Pool 1,*

21    *LLC*, 184 F. Supp. 3d 853, 859–60 (D. Nev. 2016).

22    A BFP is a person who purchases real property "for a valuable consideration and without

23    notice of the prior equity, and without notice of facts which upon diligent inquiry would be

24    indicated and from which notice would be imputed to him, if he failed to make such inquiry."

25    *Bailey v. Butner*, 176 P.2d 226, 234 (Nev. 1947) (emphasis omitted); *see also Moore v. De*

26    *Bernardi*, 220 P. 544, 547 (Nev. 1923) ("The decisions are uniform that the bona fide purchaser

27    of a legal title is not affected by any latent equity founded either on a trust, [e]ncumbrance, or

28

**James C. Mahan**
**U.S. District Judge**

- 13 -

otherwise, of which he has no notice, actual or constructive.").   Under Nevada law, "bona fide purchaser" means as follows:

> Any purchaser who purchases an estate or interest in any real property in good faith and for valuable consideration and who does not have actual knowledge, constructive notice of, or reasonable cause to know that there exists a defect in, or adverse rights, title or interest to, the real property is a bona fide purchaser.

Nev. Rev. Stat. § 111.180(1).   In other words, a later-obtained interest can prevail over an earlier-obtained interest where the later purchaser has no knowledge of the previous interest and records his/her interest first.   *See Nationstar Mortg., LLC*, 184 F. Supp. 3d at 860.

The court finds that genuine issues of fact exist regarding SFR's status as a bona fide purchaser so as to preclude summary judgment.   A reasonable jury could conclude that SFR was not a bona fide purchaser because a reasonable purchaser would have perceived some risk that the foreclosure would not extinguish the first deed of trust as the law was not clear at the time of the sale that the foreclosure would extinguish the deed of trust.   *See id*.

In light of the foregoing, the court will deny SFR's motion for summary judgment.

**C.  Motion to Certify** (ECF No. 36)

SFR and the HOA requests that the court certify the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice?"  (ECF Nos. 36, 37).

The court declines to certify this question as controlling precedent is available for guidance. The Ninth Circuit, in *Bourne Valley Court Trust*—which SFR cites to in its motion—expressly answered this exact question in the negative.   More specifically, the Ninth Circuit held, in relevant part, as follows:

> Bourne Valley argues that Nevada Revised Statute section 116.31168(1), which incorporated section 107.090, mandated actual notice to mortgage lenders whose rights are subordinate to a homeowners' association super priority lien. . . . According to Bourne Valley, this incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request.
> . . . .

James C. Mahan
U.S. District Judge

- 14 -

1
2

> If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless. We reject Bourne Valley's argument.

3

*Bourne Valley Court Trust*, 832 F.3d at 1159.

4
5

Accordingly, the court will deny SFR's motion to certify this question to the Nevada Supreme Court.

6

**IV.    Conclusion**

7
8
9
10
11
12

In sum, Christiana Trust's claims for breach of NRS 116.1113 (claim 2) and wrongful foreclosure (claim 3) will be dismissed with prejudice as they are time-barred. Christiana Trust's claim for unjust enrichment (claim 4) will be dismissed without prejudice. However, Christiana Trust's quiet title claim against the HOA survives, and the court will deny the HOA's motion to dismiss as to this claim. Further, the court will deny SFR's motion to dismiss and motion for summary judgment, as well as SFR's motion to certify.

13

Accordingly,

14
15
16

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

17
18

IT IS FURTHER ORDERED that SFR's response (ECF No. 24) and the HOA's reply (ECF No. 27) be, and the same hereby are, STRICKEN.

19
20

IT IS FURTHER ORDERED that SFR's motion to dismiss (ECF No. 22) be, and the same hereby is, DENIED.

21
22

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 23) be, and the same hereby is, DENIED.

23
24

IT IS FURTHER ORDERED that SFR's motion to certify (ECF No. 36) be, and the same hereby is, DENIED.

25

DATED February 17, 2017.

26
27

UNITED STATES DISTRICT JUDGE

28

**James C. Mahan**
**U.S. District Judge**

- 15 -