# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

CHRISTIANA TRUST, et al.,

Plaintiff(s),

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

Defendant(s).

Case No. 2:16-CV-1226 JCM (GWF)

ORDER

Presently before the court is plaintiff Christiana Trust and counter/cross defendant Wilmington Trust's (collectively "movants") motion for entry of final judgment. (ECF No. 78). Defendants SFR Investments Pool 1, LLC ("SFR"), Mandolin Homeowners Association ("the HOA"), Nevada Association Services, Inc. ("NAS"), and Michael D. Flaherty have not filed a response and the time to do so has passed.

Also before the court is plaintiff's motion to stay case. (ECF No. 79). Defendants have not filed a response and the time to do so has passed.

**I.     Facts**

On August 2, 2017, the court granted summary judgment in favor of SFR and the HOA. (ECF No. 69). On that same day the court entered judgment. (ECF No. 70).

On September 1, 2017, plaintiff filed a notice of appeal. (ECF No. 73). The Ninth Circuit declined to exercise jurisdiction over the appeal because this court's August 2, 2017, order did not resolve the wrongful foreclosure claim against NAS and the quiet title/declaratory relief claim against Flaherty. *See* (ECF Nos. 69, 70).

Now, plaintiff brings the instant motions to seek entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) and to stay the case with respect to the remaining claims pending appeal. (*Id*.).

## II. Legal Standard

In general, circuit courts review only final orders and decisions of a district court. *See* 28 U.S.C. § 1295(a)(1). Rule 54(b) provides an exception, allowing district courts to certify a partial final judgment for the purpose of appeal by directing entry of final judgment as to one or more, but fewer than all, of the claims if the there is an express determination that there is no just reason for delay. *See* Fed. R. Civ. P. 54(b). "Without a Rule 54(b) certification, orders granting partial summary judgment are non-final." *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981).

The Supreme Court has established a two-step process for district courts to determine whether certification of a claim in a multiple claims action under Rule 54(b) is warranted. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980). First, the judgment must be final with respect to one or more claims. *See id*. A district court's judgment is final where it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

Second, district courts conduct a two-step analysis "to determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. In the first step, courts considers administrative factors such as "the interrelationship of the claims so as to prevent piecemeal appeals." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (citation omitted). In the second step, courts assess the equities involved in the case. *Curtiss-Wright*, 446 U.S. at 8.

## III. Discussion

Before the court are two motions. First, the court will deny plaintiff's motion for entry of final judgment. Second, the court will deny as moot plaintiff's motion to stay case pending appeal.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

*a. Entry of final judgment*

The court can certify an order as a final judgment when: (1) there is a final judgment with respect to one or more claims and (2) there is no just reason for delay. *Curtiss-Wright*, 446 U.S. at 7.

*i. Final judgment*

To grant a Rule 54(b) motion, the court must first determine if Rule 54(b) is applicable to the proceedings—that there is final judgment with respect to one or more claims.

First, there must be an action involving multiple claims for relief. *See Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976). This action satisfies this requirement with plaintiff's multiple distinct claims: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against NAS and the HOA; (3) wrongful foreclosure against NAS the HOA; and (4) unjust enrichment against SFR, NAS, and the HOA. *See* (ECF No. 1).

Second, there must be a "final judgment"—a decision upon a cognizable claim for relief that is an "ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7 (citation omitted). Ostensibly, the August 2, 2017, order is sufficient to fulfill this requirement because it grants summary judgment on all claims except for the wrongful foreclosure claim against NAS and the quiet title/declaratory relief claim against Flaherty. *See* (ECF Nos. 70, 78, 79).

*ii. No just cause for delay*

Next, the court must expressly determine that there is no just reason for delay and direct the entry of judgment. *See id.*; *see also* Fed. R. Civ. P. 54(b).

In considering whether there is just reason for delay, the court first considers administrative concerns such as "the interrelationship of the claims so as to prevent piecemeal appeals." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (citation omitted). In this sense, the district court acts as a "dispatcher" to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. *Curtiss-Wright Corp*, 446 U.S. at 8.

**James C. Mahan**
**U.S. District Judge**

- 3 -

All claims in this case pertain to the same facts and pivot on a single issue—whether the foreclosure sale of real property located at 7604 Brisa Del Mar Avenue, Las Vegas, Nevada 89179 extinguished the deed of trust. Thus, because these claims are not factually and legally severable, certifying the order would risk piecemeal appeals. *See Wood v. GCC Bend*, LLC, 422 F.3d 873 (9th Cir. 2005) (reversing entry of separate judgment because of complete factual overlap between the claim for which final judgment was entered and the extant claims in the district court action)

The second step in the court's review "requires an assessment of the equities." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). Certifying the August 2, 2017, order would require the court to separately adjudicate substantially interrelated claims, which would be costly to the parties and unnecessarily drain judicial resources.

In light of the administrative concerns and the equities involved, the costs and risk of multiply the number of proceedings does not outweigh the needs of the litigants for an early and separate judgment. *See Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) (holding that judgments under Rule 54(b) are reserved for *unusual* cases where the costs and risks do not outweigh the parties' need for an early judgment). Thus, the court will not certify for appeal the August 2, 2017, order.

    *b. Stay*

Movants request the court to stay litigation of the remaining claims pending appeal. As the court will not certify the August 2, 2017, order, movants' motion to stay case is moot.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that movants' motion for entry of a final judgment (ECF No. 78) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that movants' motion to stay case (ECF No. 79) be, and the same hereby is, DENIED as moot.

DATED October 11, 2018.

                                                         /s/ James C. Mahan
                                               UNITED STATES DISTRICT JUDGE